FARM BUREAU INSURANCE
COMPANY, Appellant–
Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
Appellee–Defendant.

No. 42A05–0108–CV–00350.

Court of Appeals of Indiana.

June 19, 2002.

David L. Clark, Clark & Steedman, Evansville, IN, Attorney for Appellant.

Patricia K. Woodring, Shawn M. Sullivan, Terrell, Baugh, Salmon & Born, LLP, Evansville, IN, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

In a published opinion, we held that the doctrine of promissory estoppel required Allstate to reimburse Farm Bureau for funds Farm Bureau had advanced to its insured on behalf of Allstate's insured despite the running of the statute of limitations as to Farm Bureau's action against Allstate's insured. *Farm Bureau v. Allstate,* 765 N.E.2d 651, 657–58 (Ind.Ct.App. 2002). Allstate has requested rehearing of

this case.[1] We grant rehearing to clarify our earlier opinion and to address policy concerns raised by Allstate, but we reaffirm our earlier holding.[2]

Allstate first contends that the import of our decision is to "hereinafter expose all insureds ... to claims in excess of their limits of insurance every time their insurer gives written notification of a policy limits offer in accordance with [Ind. Code section] 27–7–5–6(b)" because a section 27–7–5–6 offer is no longer contingent upon release of the tortfeasor. Petition for Rehearing at 4. However, we do not believe this is the import of our decision. Our concern was specifically the timing of the sequence of events in this case and in general that a tortfeasor's insurer not be able to manipulate the timing of a policy limits offer in relation to the statute of limitations. A policy limits offer properly made and accepted pursuant to section 27–7–5–6 still operates to release the tortfeasor if a lawsuit is not timely filed. What it does *not* do is release the *tortfeasor's insurer* from the obligation to reimburse the advanced funds if a settlement is not reached between the plaintiff and his insurer within the two-year statute of limitations applicable to torts.

Allstate also contends that we impermissibly decided disputed issues of fact in determining that Allstate's June 19, 1997, letter was in fact a "promise of reimbursement." We disagree. When one insurer induces another to pay over funds actually owed by the first insurer, a promise to reimburse is implied. We acknowledge, as Allstate points out, that Allstate's insured was never adjudicated to be at fault for the accident because Farm Bureau's complaint against him was filed outside the statute of limitations. However, Allstate extended an offer of settlement to Farm Bureau's insured with no specific reservation regarding a judicial determination of liability.

We have considered the points raised by Allstate in its petition for rehearing and, subject to the comments above, we reaffirm our earlier holding.

KIRSCH and SULLIVAN, JJ., concur.

---

1. We note that Allstate filed a timely petition for rehearing in an incorrect form. Allstate filed a separate petition and brief in support of rehearing. Our new Appellate Rule 54 contemplates a single document which encompasses both the "petition" or formal request for rehearing and the "brief" or statement of the grounds therefor contemplated by our previous appellate rules. Allstate corrected the form by resubmitting the petition and brief as a single, bound "petition for rehearing" without changing the substance of either; however, the corrected petition was filed more than thirty days after our opinion was handed down. Because the substance of the petition is identical in both forms, we grant Allstate's "Motion to Correct Misnomer or Scrivener's Error" and consider the merits of the petition.

2. We also note that Farm Bureau has not filed a response to Allstate's petition.